# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JOSEPH M. DOTTER,             :
                              :
    Plaintiff,                :
                              :
v.                            :    Civ. No. 3:06CV00684(AWT)
                              :
GEORGE WESTON BAKERIES, INC., :
                              :
    Defendants.               :
                              :
------------------------------x
```

## **RULING ON MOTION FOR RECONSIDERATION**

For the reasons set forth below, the Plaintiff's Motion for Reconsideration (Doc. No. 24) is hereby GRANTED and upon reconsideration, the plaintiff's request for relief is being granted.

Under the ADEA, a plaintiff must file a charge with the EEOC within 300 days of the discriminatory action. 29 U.S.C. § 626(d). "The 300-day period, in the case of a discriminatory discharge, starts running on the date when the employee receives a definite notice of termination, not upon his discharge." Miller v. Int'l Telephone and Telegraph Corp., 755 F.2d 20, 23 (2d Cir. 1985). In Miller, the Second Circuit explained that "[the time limitations under the ADEA] commence upon the employer's commission of the discriminatory act and are not tolled or delayed pending the employee's realization that the conduct was discriminatory unless the employee was actively misled by his employer, he was prevented in some extraordinary way from exercising his rights, or he

asserted his rights in the wrong forum, in which event tolling of the time bar might be permitted as a matter of fairness." Id. at 24.  Moreover, "[a]n 'extraordinary' circumstance permitting tolling of the time bar on equitable grounds might exist if the employee could show that it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory." Id.  The doctrines of equitable tolling and equitable estoppel were explained by the court in Dring v. McDonnell Douglas Corporation, 58 F.3d 1323 (8th Cir. 1995). "[W]hen a reasonable person in the plaintiff's situation would not be expected to know of the existence of a possible ADEA violation, this excusable ignorance may provide the basis for the proper invocation of the doctrine of equitable tolling." Id. at 1329. "[T]he doctrine of equitable estoppel, on the other hand, 'comes into play when a defendant takes active steps to prevent a plaintiff from suing on time.'" Id. at 1329 (citation omitted).

There is a genuine issue of material fact as to whether Dotter's complaint was filed with the CHRO on January 13, 2006, as asserted in Attorney Maurer's affidavit.  Moreover, even if the date of the CHRO filing is March 27, 2006, there is a genuine issue of material fact as to whether the plaintiff is entitled to equitable tolling of the statute of limitations.  The plaintiff's affidavit is unclear, and it does not establish that he became aware in May 2005 of the reason he was fired.  Based on the

2

current record, the court cannot conclude that the complaint was not timely filed with the CHRO.

Because the plaintiff's request to amend his complaint to add the ADEA claim was filed within 90 days after the plaintiff received the notice of right to sue from the EEOC, that request is timely and he will be allowed to file an amended complaint containing his ADEA claim.

The plaintiff shall file his amended complaint within 30 days.

It is so ordered.

Dated this 20th day of April 2007 at Hartford, Connecticut.

                                              /s/AWT
                                    Alvin W. Thompson
                              United States District Judge