UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH M. DOTTER,                  :
                                   :
          Plaintiff,               :
                                   :
     v.                            :    Civil No. 3:06CV684(AWT)
                                   :
GEORGE WESTON BAKERIES, INC.,      :
                                   :
          Defendant.               :
_____:

RULING AND ORDER

Pending before the court are the following motions: Plaintiff's Second Motion to Compel Discovery regarding Defendant's Responses to Plaintiff's First Set of Interrogatories (Doc. # 71); Plaintiff's Third Motion to Compel (Doc. # 74); and Plaintiff's First Motion to Determine the Sufficiency of Defendant's Responses to Requests for Admissions (Doc. # 77). After argument on April 3, 2008, it is hereby ORDERED:

I. Second Motion to Compel (Doc. # 71)

The plaintiff seeks an order requiring the defendant to provide further responses to several interrogatories.

A. As to Interrogatories Nos. 2, 3, 4, and 7, the Motion is DENIED without prejudice in light of the agreement reached by the parties at today's hearing.

B. As to Interrogatory No. 5, the plaintiff's Motion is GRANTED to the following extent. During oral argument, the

1

plaintiff modified this interrogatory to state: "Please identify and explain all facts that support Defendant's reason(s) for not paying Dotter $105,000, representing his February 2006 bonus." If the defendant did not pay the plaintiff the $105,000 bonus, and there are additional facts that support its non-payment of that bonus, then the defendant is instructed to supplement its response to Interrogatory No. 5 and state those additional facts.

    C. As to Interrogatory No. 6, the Motion is GRANTED absent objection.

II. Third Motion to Compel (Doc. # 74)

    The plaintiff asks the court to order the defendant to provide supplemental discovery responsive to several Requests for Production.

    A. As to Requests Nos. 1 and 2, the Motion is DENIED without prejudice in light of the agreement reached by the parties at today's hearing.

    B. As to Request No. 5, the Motion is GRANTED in part. To the extent that the personnel files include any performance reviews which have not already been produced, the defendant shall produce those additional performance reviews.

    C. As to Requests Nos. 6 and 7, the Motion is DENIED.

III. Motion to Determine Sufficiency of Responses (Doc. # 77)

The plaintiff argues that the defendant has failed to respond to several of his Requests for Admissions.

A. As to Requests Nos. 25, 27, 28, 41 and 42 the Motion is DENIED.

"Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2258. Here, the plaintiff "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a matter that they can be answered with a simple admit or deny without an explanation." Henry v. Champlain Enterprises, Inc. 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

As worded, these interrogatories are improper because they are subject to more than one reasonable interpretation. In these interrogatories, the plaintiff seeks either to confirm statements made, or to ascertain whether a person who made the statements believed they were "true and accurate," or both. The defendant, therefore, cannot properly respond to them.

B. As to Request No. 29, the Motion is DENIED.

In No. 29, the plaintiff asks the defendant to respond to a Request concerning "conditions precedent" to payment under Plaintiff's Employee Confidentiality Inventions Assignment and

Competitive Employment Agreement. The defendant is not required to respond to a request for this type of legal conclusion. See, e.g., Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2255 ("even the amended rule does not allow a request for admission of a pure matter of law").

C. As to Requests Nos. 43 and 44, the Motion is GRANTED. The Defendant shall have ten (10) days from the date of this Ruling and Order to admit or deny these Requests for Admission.

Counsel for the parties are further reminded of their obligation to confer with opposing counsel in an effort in good faith to resolve by agreement issues like those addressed during the hearing. They are further reminded that the failure to make a good faith effort to confer and resolve discovery disputes may result in summary denial of any subsequently filed discovery motions. See Rule 37(a) of the Local Rules, United States District Court, District of Connecticut.

SO ORDERED.

Dated at Hartford, Connecticut, this 7th day of April 2008.

_____
Donna F. Martinez
United States Magistrate Judge