UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH M. DOTTER,                :
                                 :
        Plaintiff,               :
                                 :
    v.                           :    Civil No. 3:06CV684(AWT)
                                 :
GEORGE WESTON BAKERIES, INC.,    :
                                 :
        Defendant.               :
_____  :

RULING ON PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

The plaintiff has filed a motion to quash a subpoena directed to his former attorney, Elisabeth Maurer, and for a protective order prohibiting the defendant from taking her deposition. The defendant argues that the question of whether plaintiff exhausted his administrative remedies is central to this litigation and that it is entitled "to depose Attorney Maurer to address the remaining key question of whether Plaintiff exhausted his administrative remedies in a timely manner." Doc. # 90 at 3-4.

The fact that Ms. Maurer is an attorney does not automatically insulate her from deposition. Nevertheless, courts hesitate to routinely permit the deposition of attorneys and are free to consider a variety of circumstances in ruling on such a request, including: the need to depose the attorney, the lawyer's role in connection with the matter on which discovery is sought, the risk of encountering privilege and work product issues, and

1

the extent of discovery already conducted.  See generally In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2d Cir. 2003).

It is helpful to remember that the work product privilege applies primarily to an attorney's analysis and preparation of her client's case.  See, e.g., In re Grand Jury Subpoena, 282 F.3d 156, 161 (2d Cir. 2002).  "[T]he attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice."  PSD Consulting, Inc. v. Frank Mercede & Sons, Inc., 267 Conn. 279, 329 (2004).

In this case, it appears that Attorney Maurer may possess specific, non-privileged information relevant to the exhaustion issue.  While communications between her and her former client are not the proper subject of questioning, matters such as the date Attorney Maurer mailed a letter or the manner she used to file an administrative complaint are not privileged communications.  Moreover, this information is important to the defendant's defense of this suit.  Accordingly, the Motion to Quash (Doc. # 87) is DENIED.

However, the Motion for a Protective Order (Doc. # 87) is GRANTED IN PART.  The defendant may depose Attorney Maurer solely on issues relating to plaintiff's timely exhaustion of his

2

administrative remedies at a time and date mutually agreeable to the parties.  See Fed. R. Civ. P. 30(b)(4).

Should Attorney Maurer, at her deposition, decline to answer a question, which otherwise addresses the plaintiff's timely exhaustion of administrative remedies, on the basis of attorney-client privilege or attorney work product doctrine, then the defendant may challenge the propriety of her refusal to answer in a properly-supported motion to compel.  See, e.g., Fed. R. Civ. P. 30(c)(2) and 37(a)(3)(B).

In this regard, counsel are reminded of their obligation to confer with opposing counsel in an effort in good faith to resolve by agreement such issues.  They are further reminded that the failure to make a good faith effort to confer and resolve discovery disputes may result in summary denial of any subsequently filed discovery motion.  See Rule 37(a) of the Local Rules, United States District Court, District of Connecticut.

The request for costs or other sanctions is DENIED, as the undersigned finds an award of fees or other expenses would be unjust.  See Fed. R. Civ. P. 37(a)(5).

SO ORDERED.

Dated at Hartford, Connecticut, this 12th day of June, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge.